UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SHAWN CHRISTOPHER ALLS, | ) | CASE NO. CV 11-4390 R (RZ) |
| Petitioner, | ) | |
| vs. | ) | ORDER SUMMARILY DISMISSING PAROLE HABEAS ACTION PURSUANT TO *SWARTHOUT V. COOKE* |
| OCHOA, Warden, | ) | |
| Respondent. | ) | |

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides in part that "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Because a recent Supreme Court ruling plainly forecloses Petitioner's habeas challenge to his ongoing denial of parole, the Court will dismiss the action summarily.

**I.**

**BACKGROUND**

In 1990, a Los Angeles County Superior Court jury convicted Petitioner Shawn Christopher Alls of attempted murder and conspiracy to commit murder. Petitioner was sentenced to 25 years to life in prison for his participation in the crimes. On February

5, 2009, the Board of Parole Hearings denied Petitioner parole for at least three further years. *See generally* unmarked Ex. to Pet. (hearing transcript). In 2010, Petitioner filed a habeas action in this Court to challenge that denial, contending that not even "some evidence" supported it. The Court agreed and, following then-prevailing Ninth Circuit doctrine, granted relief (in the form of a required new parole hearing). *See generally* docket in *Alls v. Salazar*, No. CV 10-00718 R (RZ).

The Supreme Court's recent decision in *Swarthout v. Cooke*, No. 10-333, 562 U.S. __, __ S. Ct. __, 2011 WL 197627 (Jan. 24, 2011) (*Cooke*), however, reversed key Ninth Circuit rulings upon which this Court had relied. *Cooke* held that the Ninth Circuit's test for "some evidence" supporting a parole denial is a state, not federal, requirement and that "the responsibility for assuring that the constitutionally adequate procedures governing California's parole system are properly applied rests with California courts, and is no part of the Ninth Circuit's business." The federal habeas court's inquiry – in cases, such as this one, in which a prisoner seeks habeas relief based on an alleged violation of the federal Due Process Clause – is limited to determining whether the prisoner "was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied." *Id.*, *citing Greenholtz v. Inmates of Neb. Penal and Correctional Complex*, 442 U.S. 1, 16, 99 S. Ct. 2100, 60 L. Ed. 2d 668 (1979).

Based on *Cooke*, this Court granted Respondent's motion to stay the Judgment granting habeas relief pending appeal. On appeal, the Ninth Circuit promptly reversed the grant on April 20, 2011, also based on *Cooke*. *See generally* docket in *Alls v. Salazar*, No. 11-55097 (9th Cir.).

## II.
## THE CURRENT PETITION

In the current Petition, Petitioner's essential claim is that (1) he has "programmed" just as he was directed to do in the 2009 hearing, by doing such things as obeying rules and demonstrating remorse, yet (2) he has not been granted parole. More

specifically, he complains that he has not been given an *accelerated hearing* for parole, after having been given a three-year denial last time. He again cites "due process," presumably meaning the Due Process Clause of the Fourteenth Amendment.

*Cooke* forecloses habeas relief on the current petition at least as clearly as on the prior one. In 2009, Petitioner appeared at a noticed hearing and was given an opportunity to be heard as well as an explanation of the reasons for denial of parole. *Cooke* held that federal due-process concerns require no more. As to Petitioner's complaints about what has happened since – namely that he has programmed exactly as he was told and yet has not been given an earlier hearing for his next parole consideration – he cites no Supreme Court authority whatsoever for such accelerated-hearing relief based even on state law, let alone on federal law.

## III.
## RECOMMENDATION

For the foregoing reasons, the Court DISMISSES the action with prejudice.

DATED: June 3, 2011

MANUEL L. REAL
UNITED STATES DISTRICT JUDGE